Dana M. Keene, CA Bar # 324993
Shannon L. Knorr, CA Bar # 300399
STRUCK LOVE ACEDO, PLC
3100 West Ray Road, Suite 300
Chandler, Arizona  85226
Tel.:  (480) 420-1600
Fax:  (480) 420-1695
dkeene@strucklove.com
sknorr@strucklove.com

*Attorneys for Defendant CoreCivic, Inc.*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Daniel Rivera Anaya, | No. 25-cv-1854-DMS-BLM |
| Plaintiff, | **DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT** |
| v. | |
| Core Civic/OMDC et al., | |
| Defendant. | |

Defendant CoreCivic, Inc. ("Defendant"), sued erroneously herein as ("Core Civic/OMDC"), through counsel, submits its Answer to Plaintiff's Civil Action Complaint Memorandum ("Complaint") (Dkt. 1-3).

## I.    INTRODUCTION

1.    In answering Paragraph 1 of this section, Defendant admits only that Plaintiff alleges claims under the California Labor Code[1] and the Labor Code's Private Attorneys General Act ("PAGA"). Defendant denies all other factual allegations and legal contentions in Paragraph 1.

## II.    CIVIL ACTION STANDING

2.    In answering Paragraph 1 of this section, Defendant denies the allegations.

/ / /

---

[1] All references to the "Labor Code" shall be to California's Labor Code, unless otherwise stated.

3. In answering Paragraph 2 of this section, Defendant denies the allegations.

4. In answering Paragraph 3 of this section, Defendant denies the allegations.

5. In answering Paragraph 4 of this section, Defendant denies the allegations.

### III.    PARTIES

6. In answering Paragraph 1 of this section, Defendant admits that Plaintiff was a pretrial detainee in the custody of the U.S. Marshals Service ("USMS") and housed at Otay Mesa Detention Center ("OMDC") in San Diego, California, a facility managed by Defendant, at the time he filed his Complaint.

7. In answering Paragraph 2 of this section, Defendant admits that it is a private for-profit corporation which operates OMDC pursuant to a detention services contract with U.S. Immigration and Customs Enforcement ("ICE"). Defendant denies the remaining allegations.

### IV.    RELEVANT FACTS

8. Paragraph 1 of this section contains improper legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

9. In answering Paragraph 2 of this section, Defendant admits that it is a private for-profit corporation which operates multiple detention and correctional centers across the county, including OMDC in San Diego, California. Defendant admits that pursuant to its contract with ICE ("Contract"), it provides housing, care, and management of ICE Detainees, which includes but is not limited to, confining non-convicted detainees of the federal government while they await determination of their federal cases. Defendant affirmatively alleges that pursuant to the Contract, USMS is an authorized user of OMDC. The Contract requires all services to USMS detainees to be performed in accordance with the Federal Performance Based

Detention Standards ("FPBDS"). Defendant further alleges that Plaintiff was a pretrial USMS detainee held in custody at OMDC until he entered a plea agreement that was accepted on July 17, 2025, in Case No. 3:25-cv-00074-TRW (S.D. Cal.). Defendant denies the remaining allegations.

10. In answering Paragraph 3 of this section, Defendant admits that the Contract requires a detainee work program plan, which must be approved by the USMS Contracting Officer. Under the Contract, detainee labor may only be used in accordance with the approved plan. The Contract further requires that detainees participating in the detainee work program ("Voluntary Work Program" or "VWP") shall be paid $1.00/day. The Contract provides that is the "sole responsibility" of Defendant's governmental partner to "determine whether a detainee will be allowed to perform on voluntary work details and at what classification level." Defendant denies the remaining allegations.

11. In answering Paragraph 4 of this section, Defendant denies the allegations.

12. In answering Paragraph 5 of this section, Defendant denies the allegations.

13. In answering Paragraph 6 of this section, Defendant admits only that in March 2025, Plaintiff was a USMS pretrial detainee who volunteered and was approved for a VWP position as a porter to clean the showers of his housing unit, and his allowance was set at $1.00 per day per the Contract. Defendant denies the remainder of the allegations.

14. In answering Paragraph 7 of this section, Defendant admits only that Plaintiff submitted a request regarding his alleged claims under the Labor Code and requesting that he be paid $5.00 per day. Defendant denies the remaining allegations.

## V.   RATIONAL CIRCUMSTANCES

15. Paragraph 1 of this section contains improper legal conclusions to which no response is required. To the extent a response is required, Defendant denies the

allegations.

16.   Paragraph 2 of this section contains improper legal conclusions to which no response is required. To the extent a response is required, Defendant denies these allegations. Defendant admits that detainees receive an allowance for participating in the VWP. Defendant denies the remaining allegations.

17.   Paragraph 3 of this section contains improper legal conclusions to which no response is required. To the extent a response is required, Defendant denies these allegations. Defendant admits that OMDC is a privately run detention center. Defendant denies the remaining allegations.

18.   Paragraph 4 of this section contains improper legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

## VI.  DISCUSSION

19.   Paragraph 1 of this section contains improper legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

20.   Paragraph 2 of this section contains improper legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

21.   Paragraph 3 of this section contains improper legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

## VII. RELIEF SOUGHT

22.   In answering Paragraph 1 of this section, Defendant denies that Plaintiff is entitled to any of the relief he seeks.

23.   In answering Paragraph 2 of this section, Defendant denies that Plaintiff is entitled to any of the relief he seeks.

/ / /

Case 3:25-cv-01854-DMS-JAC   Document 22   Filed 01/09/26   PageID.242   Page 5 of 10

## VIII. CONCLUSION

24. In answering Paragraph 1 of this section, Defendant denies that Plaintiff is entitled to any of the relief he seeks.

## AFFIRMATIVE DEFENSES

1. As a separate defense, and in the alternative, Defendant alleges that the Complaint fails to state claims upon which relief can be granted.

2. As a separate defense, and in the alternative, Defendant alleges that Plaintiff may have failed to join a necessary party or parties under Fed. R. Civ. P. 19.

3. As a separate defense, and in the alternative, Defendant alleges that Plaintiff's alleged injuries and damages, if any, were caused by the acts of a third party who has not been named a party to this action.

4. As a separate defense, and in the alternative, Defendant alleges that Plaintiff lacks standing to pursue some or all the claims alleged in his Complaint, either in his individual capacity or in a representative capacity on behalf of others similarly situated.

5. As a separate defense, and in the alternative, Defendant alleges that Plaintiff failed to exhaust administrative remedies prior to filing suit in accordance with applicable state law or regulations, thereby precluding all claims asserted under state law.

6. As a separate defense, and in the alternative, Defendant alleges that Plaintiff failed to submit a PAGA Notice to the State of California and thus failed to provide sufficient notice.

7. As a separate defense, and in the alternative, Defendant alleges that Plaintiff's PAGA claim is barred, in whole or in part, because Plaintiff is not an aggrieved employee and seeks to recover penalties on behalf of individuals who are not aggrieved employees.

8. As a separate defense, and in the alternative, Defendant alleges that Plaintiff's PAGA claim is barred, in whole or in part, because Plaintiff did not suffer

5                                                    25-cv-1854-DMS-BLM

injury as a result of a knowing and intentional failure by his claimed and alleged employer to comply with Labor Code section 226(a).

9. As a separate defense, and in the alternative, Defendant alleges that Plaintiff is not entitled to subsequent violations under PAGA or any other Labor Code provision, as there has been no finding of an "initial" violation.

10. As a separate defense, and in the alternative, Defendant alleges that Plaintiff's PAGA claim is barred pursuant to the United States Constitution and the California Constitution to the extent Labor Code section 2698 *et seq.* imposes double penalties and/or excessive fines in violation of the due process rights of Defendant.

11. As a separate defense, and in the alternative, Defendant alleges that some or all of Plaintiff's claims may be barred by the statute of limitations.

12. As a separate defense, and in the alternative, Defendant alleges that Plaintiff may have unreasonably delayed his request for relief, to Defendant's prejudice, such that his claims are barred by the defense of laches.

13. As a separate defense, and in the alternative, Defendant alleges that Plaintiff is barred from recovery under the doctrine of unclean hands.

14. As a separate defense, and in the alternative, Defendant alleges that Plaintiff's claims are barred by his consent to the matters of which he complains.

15. As a separate defense, and in the alternative, Defendant alleges that it was acting under legal process, with good, sufficient, and probable cause to be so acting, and that the actions of Defendant were objectively reasonable, in good faith, and without malice.

16. As a separate defense, and in the alternative, Defendant alleges that Plaintiff does not have a legal right to work at minimum wage rates because he has not sought approval from USMS for employment with Defendant, and he is not qualified to work for Defendant under the Contract and/or USMS Task Orders.

/ / /

/ / /

17. As a separate defense, and in the alternative, Defendant alleges that as a federal government contractor, all claims against it are barred by the government contractor defense.

18. As a separate defense, and in the alternative, Defendant alleges that it is entitled to derivative immunity, including but not limited to, derivative sovereign immunity, intergovernmental immunity, and Supremacy Clause immunity.

19. As a separate defense, and in the alternative, Defendant alleges that Plaintiff's injuries, losses, and damages were the result of the assumption of risk by Plaintiff.

20. As a separate defense, and in the alternative, Defendant alleges that Plaintiff was responsible for his alleged harm/damages, if any, and/or negligent in his actions/inactions, which would diminish or eliminate Plaintiff's right to recover under certain or all claims for relief.

21. As a separate defense, and in the alternative, Defendant alleges that Plaintiff knowingly waived his claims when he freely elected to participate in the Voluntary Work Program.

22. As a separate defense, and in the alternative, Defendant alleges that California's labor laws are pre-empted by federal law.

23. As a separate defense, and in the alternative, Defendant alleges that it had a reasonable and good faith belief that it complied with all applicable laws and that a wage and hour violation, if any, did not result from a knowing and intentional act or willful conduct by Defendant, thus eliminating liability for any associated waiting time penalties. *Naranjo v. Spectrum Sec. Servs., Inc.*, 15 Cal. 5th 1056, 1079–80 (2024).

24. As a separate defense, and in the alternative, Defendant alleges that it would be inequitable for Plaintiff to recover any damages because his own actions caused him to be placed in a detention facility; any work performed by Plaintiff was voluntary and/or minor and consistent with work performed by detainees at other

detention facilities throughout the United States; and Plaintiff received other material benefits, including but not limited to, housing, food, clothing, and recreation, from Defendant while detained.

25.     As a separate defense, and in the alternative, Defendant alleges that it is entitled to an offset from any award to Plaintiff for costs incurred by Defendant in providing material benefits, including but not limited to, housing, food, clothing, and recreation, to Plaintiff while detained, as well as costs incurred in operating the Voluntary Work Program.

26.     Defendant reserves the right to amend its Answer to Plaintiff's Complaint to assert additional defenses, withdraw defenses, and/or add counter-claims as may become necessary after reasonable opportunity, or discovery has occurred, up through and including trial in this matter.

27.     Defendant reserves the right to assert the following affirmative defenses pursuant to Fed. R. Civ. P. 8 should subsequent discovery disclose facts in support of the same, including but not limited to: accord and satisfaction, estoppel, release, and res judicata.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant prays that the Complaint be dismissed with prejudice, and that Defendant be awarded its reasonable attorneys' fees and costs incurred herein and for such other relief as this Court deems just and equitable.

/ / /

/ / /

## DEMAND FOR JURY TRIAL

Defendant demands a jury trial on all triable issues.

Dated: January 9, 2026

By s/Shannon L. Knorr
Dana M. Keene
Shannon L. Knorr
STRUCK LOVE ACEDO, PLC

*Attorneys for Defendant CoreCivic, Inc.*

25-cv-1854-DMS-BLM

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this same date, I served the attached document by U.S. Mail, postage prepaid, on Plaintiff Daniel Rivera Anaya, who is not a registered participant of the Court's CM/ECF system:

Daniel Rivera Anaya, #A072997853
10250 Rancho Road
Adelanto, CA 92301
W2A-208-2L

*Plaintiff Pro Se*

Dated:  January 9, 2026

By s/B. Bull
B. Bull