UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Daniel Rivera Anaya,<br><br>                                    Plaintiff,<br><br>v.<br><br>Core Civic/OMDC et al.,<br><br>                                    Defendants. | Case No.:   25-cv-1854-DMS-BLM<br><br>**NOTICE AND ORDER FOR EARLY NEUTRAL EVALUATION CONFERENCE AND CASE MANAGEMENT CONFERENCE** |

Plaintiff, proceeding *pro se*, filed a complaint against Defendants on May 13, 2025 in the Superior Court of California, County of San Diego. ECF Nos. 1, 1-3. Defendants filed a Notice of Removal on July 21, 2025. ECF No. 1. On January 9, 2026, Defendants filed an answer. ECF No. 22.  Accordingly, **IT IS HEREBY ORDERED** that an Early Neutral Evaluation Conference ("ENE") will be held via videoconference on **February 23, 2026** at **9:30 a.m.** before the Honorable Barbara L. Major, United States Magistrate Judge. Since Plaintiff is proceeding *pro se* and is housed in Defendants' detention facility, counsel for Defendants **must** contact the detention facility to make arrangements to ensure Plaintiff's appearance by videoconference. In addition, Defendants must work with Defendants' counsel to ensure Plaintiff's participation. If the facility does not have videoconference capabilities, Defendants may coordinate Plaintiff's

1

appearance by telephone, using the telephone number that will be provided in the videoconference invitation.

**The following are mandatory guidelines for the parties preparing for the Early Neutral Evaluation Conference.**

1.    **Purpose of Conference**:  The purpose of the ENE is to permit an informal discussion between the attorneys and the settlement judge of every aspect of the lawsuit in an effort to achieve an early resolution of the case.  All conference discussions will be informal, off the record, privileged, and confidential.  Counsel for any non-English speaking party is responsible for arranging for the appearance of an interpreter at the conference.

2.    **Appearance via Videoconference Required**:  All parties, adjusters for insured parties, and other representatives of a party having full and complete authority to enter into a binding settlement, and the principal attorneys responsible for the litigation, must be present **via videoconference** and legally and factually prepared to discuss settlement of the case. Counsel appearing without their clients (whether or not counsel has been given settlement authority) will be cause for immediate imposition of sanctions and may also result in the immediate termination of the conference.  Counsel for a government entity is excused from this requirement so long as the government attorney who attends the ENE conference (1) has primary responsibility for handling the case, and (2) may negotiate settlement offers which the attorney is willing to recommend to the government official having ultimate settlement authority.

Unless there is good cause, persons required to attend the conference pursuant to this Order shall not be excused from personal attendance.  **Motions seeking a waiver of the personal appearance requirement must establish good cause and be filed at least five (5) court dates prior to the conference.**  Failure to appear at the ENE conference will be grounds for sanctions.

a.    The Court will use its official Zoom video conferencing account to hold the ENE. **IF YOU ARE UNFAMILIAR WITH ZOOM**:  Zoom is available on computers through a download on the Zoom website (https://zoom.us/meetings) or on mobile devices through the

25-cv-1854-DMS-BLM

installation of a free app.[1]   Joining a Zoom conference does not require creating a Zoom account, but it does require downloading the .exe file (if using a computer) or the app (if using a mobile device).  Participants are encouraged to create an account, install Zoom, and familiarize themselves with Zoom in advance of the ENE.[2]   There is a cost-free option for creating a Zoom account.

b.     Prior to the start of the ENE, the Court will e-mail each ENE participant an invitation to join a Zoom video conference.  Again, if possible, participants are encouraged to use laptops or desktop computers for the video conference, as mobile devices often offer inferior performance.  Participants must join the video conference by following the ZoomGov Meeting hyperlink in the invitation.  **Participants who do not have Zoom already installed on their device will be prompted to download and install Zoom before proceeding when they click on the ZoomGov Meeting hyperlink**.  Zoom may then prompt participants to enter the password included in the invitation. All participants will be placed in a waiting room until the ENE begins.

c.     Each participant should plan to join the Zoom video conference at least five minutes before the start of the ENE to ensure that the ENE begins promptly at **9:30 a.m**.  **The Zoom e-mail invitation may indicate an earlier start time, but the ENE will begin at the Court-scheduled time**.

d.     Zoom's functionalities will allow the Court to conduct the ENE as it ordinarily would conduct an in-person ENE.  That is, the Court will begin the ENE with all participants joined together in a main session.  After an initial discussion in the main session, the Court will

---

[1] Participants should use a device with a camera to fully participate in the video conference. If possible, participants are encouraged to use laptops or desktop computers for the video conference, as mobile devices may offer inferior performance.

[2] For help getting started with Zoom, visit: https://support.zoom.us/hc/en-us/categories/200101697-Getting-Started

25-cv-1854-DMS-BLM

divide participants into separate, confidential sessions, which Zoom calls Breakout Rooms.[3]  In a Breakout Room, the Court will be able to communicate with participants from a single party in confidence.  Breakout Rooms will also allow parties and counsel to communicate confidentially without the Court.

> e.   No later than **February 13, 2026**, counsel for Defendant must send an e-mail to the Court at **efile_Major@casd.uscourts.gov** containing the following:

> i. The **name and title of each participant**, including all parties and party representatives with full settlement authority, claims adjusters for insured defendants, and the primary attorney(s) responsible for the litigation;

> ii. An **e-mail address for each participant** to receive the Zoom video conference invitation;

> iii. A **telephone number where each participant may be reached** so that if technical difficulties arise, the Court will be in a position to proceed telephonically instead of by video conference; (If counsel prefers to have all participants of their party on a single conference call, counsel may provide a conference number and appropriate call-in information, including an access code, where all counsel and parties or party representatives for that side may be reached as an alternative to providing individual telephone numbers for each participant.) and

> iv. **contact information** (name, telephone number, and email address) for the person at the detention facility where Plaintiff is being held who will coordinate Plaintiff's appearance at the ENE.

All participants must display the same level of professionalism during the ENE and be prepared to devote their full attention to the ENE as if they were attending in person.  Because Zoom may quickly deplete the battery of a participant's device, each participant should ensure that their device is plugged in or that a charging cable is readily available during the video

---

[3] For more information on what to expect when participating in a Zoom Breakout Room, visit: https://support.zoom.us/hc/en-us/articles/115005769646

25-cv-1854-DMS-BLM

conference.

3.    **Full Settlement Authority Required**:  In addition to counsel who will try the case, a party or party representative with full settlement authority[4] must be present for the conference.  In the case of a corporate entity, an authorized representative of the corporation who is not retained outside counsel must be present and must have discretionary authority to commit the company to pay an amount up to the amount of the Plaintiff's prayer (excluding punitive damages prayers).  The purpose of this requirement is to have representatives present who can settle the case during the course of the conference without consulting a superior.

4.    **Confidential ENE Statements Required**:  On or before **February 13, 2026**, the parties must submit confidential statements no more than ten (10) pages[5] in length directly to the chambers of the Honorable Barbara L. Major.  **These confidential statements must not be filed or served on opposing counsel**.  Defendants' statement must be lodged in .pdf format via email to **efile_major@casd.uscourts.gov** (not filed). Plaintiff's statement may be mailed to:

**Chambers of Magistrate Judge Barbara L. Major**

**333 West Broadway, Suite 1180**

**San Diego, California 92101**

Each party's confidential statement must include the following:

a.    A brief description of the case, including a chronology of the relevant facts

---

[4] "Full settlement authority" means that the individuals at the settlement conference must be authorized to explore settlement options fully and to agree at that time to any settlement terms acceptable to the parties.  Heileman Brewing Co. v. Joseph Oat Corp., 871 F.2d 648, 653 (7th Cir. 1989).  The person needs to have "unfettered discretion and authority" to change the settlement position of a party.  Pitman v. Brinker Int'l, Inc., 216 F.R.D. 481, 485-86 (D. Ariz. 2003).  The purpose of requiring a person with unlimited settlement authority to attend the conference contemplates that the person's view of the case may be altered during the face-to-face conference.  Id. at 486.  A limited or a sum certain of authority is not adequate.  See Nick v. Morgan's Foods, Inc., 270 F.3d 590, 595-97 (8th Cir. 2001).

[5]  The parties must not append attachments or exhibits to the ENE statement.

25-cv-1854-DMS-BLM

and a statement of the principal factual disputes;

b.    A brief description of the legal claims, counterclaims, and defenses asserted, and a statement of the principal contested legal disputes, including references to relevant statutes and legal authority;

c.    A specific and current demand or offer for settlement addressing all relief or remedies sought.  If a specific demand or offer for settlement cannot be made at the time the brief is submitted, then the reasons therefore must be stated along with a statement as to when the party will be in a position to state a demand or make an offer. A general statement that a party will "negotiate in good faith" is not a specific demand or offer contemplated by this Order.  It is assumed that all parties will negotiate in good faith; and

d.    A brief description of any previous settlement negotiations, mediation sessions, or mediation efforts.

5.    **New Parties Must be Notified by Defendants or Defendants' Counsel**: Defendant or defense counsel must give notice of the ENE to parties responding to the complaint after the date of this notice.

6.    **Case Management Conference**:  In the event the case does not settle at the ENE, the Court will immediately thereafter hold a Case Management Conference ("CMC") pursuant to Fed. R. Civ. P. 16(b). The Court notes that under Federal Rule of Civil Procedure 26(a)(1)(B)(iv), actions brought without counsel by an incarcerated individual are exempt from Federal Rule of Civil Procedure 26(f). To that end, Defendants must file a proposed discovery plan on the CM/ECF system no later than **February 13, 2026**.  Defendants' proposed discovery plan must be one document and must address each item identified in Fed. R. Civ. P. 26(f)(3). In addition, the discovery plan must include:

i.    **Service**:  A statement as to whether any parties remain to be served and, if so, a proposed deadline for service;

ii.    **Amendment of Pleadings**: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings;

25-cv-1854-DMS-BLM

iii.    **Protective Order**:  Whether a protective order is contemplated to cover the exchange of confidential information and, if so, the date by which the proposed order will be submitted to the Court;

iv.    **Privilege**: The procedure the parties plan to use regarding claims of privilege and whether an order pursuant to Fed. R. Evid. 502 will be sought;

v.    **Evidence Preservation**: Whether the parties have discussed issues related to the preservation of relevant evidence and if there are areas of disagreement, how the parties are resolving them;

vi.    **Electronic Discovery**:  In addition to the requirements set forth in Fed. R. Civ. P. 26(f)(3)(C), the parties must describe their agreements regarding methodologies for locating and producing electronically stored information and the production of metadata, and must identify any issues or agreements regarding electronically stored information that may not be reasonably accessible (see Fed. R. Civ. P. 26(b)(2)(B));

vii.    **Discovery**: In addition to the requirements of Fed. R. Civ. P. 26(f)(3)(B), the parties must describe the discovery taken to date (if any), any proposed limitations or modifications of the discovery rules, and any identified discovery disputes;

viii.    **Related Cases**: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body;

ix.    **Scheduling**: Proposed dates for fact discovery cutoff, expert designations and disclosures, expert discovery cutoff, filing of dispositive motions, filing class certification motion (if class is alleged), pretrial conference and trial;

x.    **Professional Conduct**: Whether all attorneys of record for the parties have reviewed Civil Local Rule 2.1 on Professionalism; and

xi.    **Miscellaneous**: Such other matters as may facilitate the just, speedy, and inexpensive disposition of this matter.

7.    **Requests to Continue an ENE Conference**:  Local Rule 16.1(c) requires that an ENE take place within forty-five (45) days of the filing of the first answer.  Requests to continue ENEs are rarely granted.  However, the Court will consider formal, written, *ex parte*

25-cv-1854-DMS-BLM

requests to continue an ENE conference when good cause exists that make a continuance appropriate.  Any request must be filed with the Court and served on opposing counsel.  **Absent good cause, requests for continuances will not be considered unless submitted <u>in writing</u> no fewer than seven (7) days prior to the scheduled conference**.

    **IT IS SO ORDERED.**


Dated:  1/12/2026

Hon. Barbara L. Major
United States Magistrate Judge

25-cv-1854-DMS-BLM