UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

Daniel Rivera Anaya,

                                Plaintiff,

v.

Core Civic/OMDC et al.,

                                Defendants.

Case No.:  25-cv-1854-DMS-BLM

**SCHEDULING ORDER REGULATING DISCOVERY AND OTHER PRE-TRIAL PROCEEDINGS**

Pursuant to Rule 16.1(d) of the Local Rules, a Case Management Conference was held on **February 23, 2026**. Plaintiff did not attend the Early Neutral Evaluation Conference or the Case Management Conference and did not participate in the preparation of Defendant's Proposed Discovery Plan [ECF No. 28]. Nonetheless, the Court reviewed Defendants' Proposed Discovery Plan and discussed scheduling issues with defense counsel. Good cause appearing, **IT IS HEREBY ORDERED**:

1.     Any motion to join other parties, to amend the pleadings, or to file additional pleadings must be filed by **March 23, 2026**.

**2.**     All fact discovery must be completed by all parties by **January 8, 2027**. "Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, **so that it may be completed** by the cut-off date, taking

1

25-cv-1854-DMS-BLM

into account the times for service, notice and response as set forth in the Federal Rules of Civil Procedure. Counsel shall promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Federal Rule of Civil Procedure 37(a)(1) and Civil Local Rule 26.1(a). All discovery motions must be filed within 30 days of the service of an objection, answer or response which becomes the subject of dispute or the passage of a discovery due date without response or production, and only after counsel have met and conferred and have reached impasse with regard to the particular issue. The Court's procedures for resolving discovery disputes are set forth in the assigned Magistrate Judge's Civil Chambers Rules, which are posted on the Court's website. **A failure to comply in this regard will result in a waiver of a party's discovery issue. Absent an order of the court, no stipulation continuing or altering this requirement will be recognized by the court.**

3.      The parties must designate their respective experts in writing by **August 28, 2026**. The parties must identify any person who may be used at trial to present evidence pursuant to Rules 702, 703 or 705 of the Fed. R. Evid. This requirement is not limited to retained experts. The date for exchange of rebuttal experts must be by **September 30, 2026**. The written designations must include the name, address and telephone number of the expert and a reasonable summary of the testimony the expert is expected to provide. The list must also include the normal rates the expert charges for deposition and trial testimony.

4.      By **February 8, 2027**, each party must comply with the disclosure provisions in Rule 26(a)(2)(A) and (B) of the Federal Rules of Civil Procedure. This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, or whose duties as an employee of the party regularly involve the giving of expert testimony. **Except as provided in the paragraph below, any party that fails to make these disclosures must not, absent substantial justification, be permitted to use evidence or testimony not disclosed at any hearing or at the time of trial. In addition, the Court may impose sanctions as permitted by Fed. R. Civ. P. 37(c).**

5.     Any party must supplement its disclosure regarding contradictory or rebuttal evidence under Fed. R. Civ. P. 26(a)(2)(D) by **March 8, 2027**.

6.     All expert discovery must be completed by all parties by **April 2, 2027**.  The parties must comply with the same procedures set forth in the paragraph governing fact discovery.

7.     Failure to comply with this section or any other discovery order of the court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.

8.     All other pretrial motions must be filed by **April 30, 2027**.  Counsel for the moving party must obtain a motion hearing date from the law clerk of the judge who will hear the motion.  The period of time between the date you request a motion date and the hearing date may vary from one district judge to another.  Please plan accordingly.  Failure to make a timely request for a motion date may result in the motion not being heard. Motions in limine are to be filed as directed in the Local Rules, or as otherwise set by the district judge.

9.     A Mandatory Settlement Conference must be conducted on **March 29, 2027** at **9:30 a.m.** in the chambers of the assigned Magistrate Judge. All discussions at the Mandatory Settlement Conference will be informal, off the record, privileged, and confidential.  Counsel for any non-English speaking party is responsible for arranging for the appearance of an interpreter at the conference.

a.     **Personal Appearance of Parties Required**: All parties, adjusters for insured defendants, and other representatives of a party having full and complete authority to enter into a binding settlement, as well as the principal attorneys responsible for the litigation, must be present **in person** and legally and factually prepared to discuss settlement of the case.  Counsel appearing without their clients (whether or not counsel has been given

25-cv-1854-DMS-BLM

settlement authority) will be cause for immediate imposition of sanctions and may also result in the immediate termination of the conference.

Unless there is good cause, persons required to attend the conference pursuant to this Order shall not be excused from personal attendance. Requests for excuse from attendance for good cause shall be made in writing at least three (3) court days prior to the conference. Failure to appear in person at the Mandatory Settlement Conference will be grounds for sanctions.

b. **Full Settlement Authority Required**: In addition to counsel who will try the case, a party or party representative with full settlement authority[1] must be present for the conference. In the case of a corporate entity, an authorized representative of the corporation who is not retained outside counsel must be present and must have discretionary authority to commit the company to pay an amount up to the amount of Plaintiff's prayer (excluding punitive damages prayers). The purpose of this requirement is to have representatives present who can settle the case during the course of the conference without consulting a superior. Counsel for a government entity may be excused from this requirement so long as the government attorney who attends the Mandatory Settlement Conference (1) has primary responsibility for handling the case, and (2) may negotiate settlement offers which the attorney is willing to recommend to the government official having ultimate settlement authority.

c. **Confidential Settlement Statements Required**: No later than **March 19, 2027**, the parties shall submit directly to the chambers of the assigned Magistrate Judge (via hand delivery or email address) confidential settlement statements no more than ten

---

[1] "Full settlement authority" means that the individuals at the settlement conference must be authorized to explore settlement options fully and to agree at that time to any settlement terms acceptable to the parties. Heileman Brewing Co. v. Joseph Oat Corp., 871 F.2d 648, 653 (7th Cir. 1989). The person needs to have "unfettered discretion and authority" to change the settlement position of a party. Pitman v. Brinker Int'l, Inc., 216 F.R.D. 481, 485-86 (D. Ariz. 2003). The purpose of requiring a person with unlimited settlement authority to attend the conference contemplates that the person's view of the case may be altered during the face to face conference. Id. at 486. A limited or a sum certain of authority is not adequate. See Nick v. Morgan's Foods, Inc., 270 F.3d 590, 595-97 (8th Cir. 2001).

25-cv-1854-DMS-BLM

(10) pages in length.  **These confidential statements shall not be filed or served on opposing counsel.**  Each party's confidential statement must set forth the party's statement of the case, identify controlling legal issues, concisely set out issues of liability and damages, and shall set forth the party's settlement position, including any previous settlement negotiations, mediation sessions, or mediation efforts, the last offer or demand made by that party, and a separate statement of the offer or demand the party is prepared to make at the settlement conference.  If a specific demand or offer for settlement cannot be made at the time the brief is submitted, then the reasons therefore must be stated along with a statement as to when the party will be in a position to state a demand or make an offer.

General statements that a party will "negotiate in good faith" is not a specific demand or offer contemplated by this Order.  It is assumed that all parties will negotiate in good faith.

d.    **Requests to Continue a Mandatory Settlement Conference**:  Any request to continue the Mandatory Settlement Conference or request for relief from any of the provisions or requirements of this Order must be sought by a **written *ex parte* application**.  The application must (1) be supported by a declaration of counsel setting forth the reasons and justifications for the relief requested, (2) confirm compliance with Civil Local Rule 83.3(h), and (3) report the position of opposing counsel or any unrepresented parties subject to the Order.  **Absent good cause, requests for continuances will not be considered unless submitted in writing no fewer than (7) days prior to the scheduled conference.**

10.    Counsel must file their Memoranda of Contentions of Fact and Law and take any other action required by Local Rule 16.1(f)(2) by **August 6, 2027**.

11.    Counsel must comply with the pre-trial disclosure requirements of Fed. R. Civ. P. 26(a)(3) by **August 6, 2027**.  Failure to comply with these disclosure requirements could result in evidence preclusion or other sanctions under Fed. R. Civ. P. 37.

12.    Counsel must meet and take the action required by Local Rule 16.1(f)(4) by **August 13, 2027**.  At this meeting, counsel must discuss and attempt to enter into

25-cv-1854-DMS-BLM

stipulations and agreements resulting in simplification of the triable issues. Counsel must exchange copies and/or display all exhibits other than those to be used for impeachment. The exhibits must be prepared in accordance with Local Rule 16.1(f)(4)(c).  Counsel must note any objections they have to any other parties' Pretrial Disclosures under Fed. R. Civ. P. 26(a)(3).  Counsel must cooperate in the preparation of the proposed pretrial conference order.

13.     Counsel for plaintiff will be responsible for preparing the pretrial order and arranging the meetings of counsel pursuant to Civil Local Rule 16.1(f).  By **August 20, 2027**, plaintiff's counsel must provide opposing counsel with the proposed pretrial order for review and approval.  Opposing counsel must communicate promptly with plaintiff's attorney concerning any objections to form or content of the pretrial order, and both parties must attempt promptly to resolve their differences, if any, concerning the order.

14.     The Proposed Final Pretrial Conference Order, including objections to any other parties' Fed. R. Civ. P. 26(a)(3) Pretrial Disclosures must be prepared, served and lodged with the assigned district judge by **August 27, 2027**, and must be in the form prescribed in and comply with Local Rule 16.1(f)(6).

15.     The final Pretrial Conference is scheduled on the calendar of the **Honorable Dana M. Sabraw** on **September 3, 2027** at **10:30 a.m.**.  The trial is scheduled to start on **October 4, 2027** at **9:00 a.m.**.

16.     The parties must review the chambers' rules for the assigned district judge and magistrate judge.

17.     A post trial settlement conference before a magistrate judge may be held within 30 days of verdict in the case.

18.     The dates and times set forth herein will not be modified except for good cause shown.

19.     Briefs or memoranda in support of or in opposition to any pending motion must not exceed twenty-five (25) pages in length without leave of a district court judge. No reply memorandum must exceed ten (10) pages without leave of a district court judge.

25-cv-1854-DMS-BLM

Briefs and memoranda exceeding ten (10) pages in length must have a table of contents and a table of authorities cited.

20.    Plaintiff's counsel must serve a copy of this order on all parties that enter this case hereafter.

**IT IS SO ORDERED.**

Dated:  2/24/2026

Hon. Barbara L. Major
United States Magistrate Judge

25-cv-1854-DMS-BLM